UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**RANDY GUIDRY #356037**     **CASE NO. 6:18-CV-00646 SEC P**

**VERSUS**     **UNASSIGNED DISTRICT JUDGE**

**15TH JUDICIAL DISTRICT COURT   MAGISTRATE JUDGE HANNA
ET AL**

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Randy Guidry, proceeding *in forma pauperis*, filed the instant civil rights complaint on May 15, 2018. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

### Statement of the Case

Plaintiff contends that on Tuesday, December 11, 2007, he was convicted of forcible rape and carnal knowledge of a juvenile, in violation of La. R.S. 14:42.1 and 14:80, and subsequently sentenced to 20 years in jail. He alleges that his defense attorney allowed the trial judge and the assistant district attorney to maliciously prosecute him. Specifically, he alleges that the Bill of Information was only

introduced to the state court orally and was never entered into the record. He asks that this Court overturn his conviction and sentence and/or order time served.

## Law and Analysis

### 1. Screening

When a prisoner is allowed to litigate a civil rights complaint *in forma pauperis,* the district court should dismiss the case if at any time it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (stating that when a prisoner seeks redress from a governmental entity or one of its employees, the court shall review the complaint as soon as practicable and dismiss it if the court finds the complaint frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief); 42 U.S.C.A. § 1997e(c) (providing that a district court shall on its own motion or the motion of any party dismiss a complaint by a prisoner regarding prison conditions if the court is satisfied the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant).

A claim is frivolous if it has no arguable basis in law or fact. *Nietzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim has no

arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.1998) (quotation omitted). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir.1998).

While district courts are required to construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), they are, nonetheless, given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994). A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein*, 923 F.Supp. 931, 942-43 (S.D.Tex.1996). Nevertheless, a civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995); see *Wesson v. Ogleby*, 910 F.2d 278, 281 (5th Cir.1990) ("An *IFP* complaint that recites bare legal conclusions, with no suggestion of supporting facts, or that postulates facts of an entirely fanciful nature, is a prime candidate for dismissal under [§ 1915(d)(2)(B) ]."). The district court is bound by the allegations

in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

## 2. *Habeas Corpus or Civil Rights*

Plaintiff is a prisoner in state custody. He filed his complaint pursuant to the provisions of 42 U.S.C. §1983. However, it is clear from the pleadings that plaintiff is challenging the constitutionality of his conviction and continued custody and not the conditions of his confinement. *Habeas corpus* (28 U.S.C. §§2241 or 2254) provides the appropriate remedy for prisoners challenging their convictions or the duration of their sentences. *See Preiser v. Rodriguez*, 411 U.S. 475, 489, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir.1989). Section 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures. *See Cook v. Texas Dep't of Crim. Justice*, 37 F.3d 166, 168 (5th Cir.1994).

The Fifth Circuit has adopted a bright-line rule for resolving whether a prisoner's claim should be properly characterized as a § 1983 claim or one for *habeas* relief – if a favorable determination would not automatically entitle the prisoner to accelerated release, the proper action is a § 1983 suit. *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir.1997).

Plaintiff complains of the validity of his conviction and sentence based on the alleged unconstitutional prosecution. [Rec. Doc. 1, p. 4, ¶ V] He asks that this Court overturn his conviction and sentence; therefore a favorable determination would entitle him to immediate or accelerated release. Therefore, to the extent that he seeks *habeas corpus* relief in this civil rights complaint, he fails to state a claim for which relief may be granted.

## Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation**

**within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE in Chambers on this 17th day of September, 2018.

_____
Patrick J. Hanna
United States Magistrate Judge